NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY LEE GOODWIN, | No. 17-35376 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01712-MC |
| v. | |
| DAVE IVERSON, Deputy; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Gary Lee Goodwin appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Fourth Amendment violations in connection with two traffic stops. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2007), and we affirm.

The district court properly granted summary judgment because Goodwin failed to raise a genuine dispute of material fact as to whether either of the detentions were unreasonably prolonged. *See United States v. Turvin*, 517 F.3d 1097, 1101-03 (9th Cir. 2008) (explaining that courts must consider the totality of the circumstances surrounding the stop and that brief pauses in the ticket-writing process does not render a stop unreasonable per se); *see also Illinois v. Caballes*, 543 U.S. 405, 410 (2005) ("A dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance that no individual has any right to possess does not violate the Fourth Amendment.").

Goodwin's requests for judicial notice (Docket Entry Nos. 15, 19), and motion to appoint counsel and request for oral argument (Docket Entry No. 14), are denied.

**AFFIRMED.**

17-35376